UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED W. PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>DEPUTY SPADARO,<br><br>    Defendant. | Case No. 17-cv-01210-HSG (PR)<br><br>**ORDER RE: REASSIGNMENT FROM A MAGISTRATE JUDGE; GRANTING DEFENDANT'S MOTIONS FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 19, 24 |

**A.    Opportunity to Object to Magistrate Judge's Rulings**

On March 8, 2017, plaintiff, an inmate at the Martinez Detention Facility ("MDF") in Contra Costa County, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Contra Costa County Sheriff David O. Livingston and Deputy Sheriff Spadaro. This action originally was assigned to Magistrate Judge Donna M. Ryu, and plaintiff consented to proceed before a magistrate judge. On October 12, 2017, Magistrate Judge Ryu issued an order determining that the complaint stated a cognizable excessive force claim as against defendant Spadaro. Magistrate Judge Ryu also found that plaintiff failed to state a claim against defendant Livingston and dismissed him from the action. Finally, Magistrate Judge Ryu referred the case to the Pro Se Prisoner Settlement Program for early settlement proceedings. *See* dkt. no. 10. Defendant Spadaro was served and consented to magistrate judge jurisdiction on December 13, 2017. *See* dkt. no. 18.

This action recently was reassigned to the undersigned because a new Ninth Circuit case held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial

review because unserved defendants had not consented to proceed before magistrate judge). Under the *Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants. Magistrate judges can, however, submit proposed findings of fact and recommendations for the disposition of many pretrial matters. *See* 28 U.S.C. § 636(b)(1)(A), (B). In a case in which full consent has not been obtained, and when a magistrate judge submits proposed findings of fact and recommendations for the disposition of a pretrial matter, the parties may serve and file written objections to the proposed findings and recommendations. *Id.* at § 636(b)(1); *see also* Fed. R. Civ. P. 72. Usually such objections are due within fourteen days of the magistrate judge's proposed findings and recommendations. *See id.*

Here, Magistrate Judge Ryu's October 12, 2017 order resulted in the dismissal of a defendant who had not consented to proceed before a magistrate judge—defendant Livingston. Under the circumstances, the preferable approach is to treat Magistrate Judge Ryu's October 12, 2017 order as findings and recommendations and to give the parties an opportunity to file any objections they have to those findings and recommendations. Accordingly, no later than **fourteen days** from the date of this order, any party may serve and file specific written objections to Magistrate Judge Ryu's October 12, 2017 order. *See generally* Fed. R. Civ. P. 72(a) and (b). A party's objections must be included in a single document no longer than 20 pages in length. A party may respond to another party's objections by filing and serving a response within **fourteen days** after being served with a copy of those objections. A party's response to another party's objections must be included in a single document not longer than 20 pages in length.

Once the court receives any objections and responses thereto, the court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). If a party files no objection within fourteen days, the Court will deem that party to have waived his right to object to the magistrate judge's findings and recommendations.

**B.      Miscellaneous Matters**

Defendant Spadaro has requested an extension of time to file his motion for summary judgment. Good cause appearing, the request is GRANTED. The schedule set forth in Magistrate Judge Ryu's October 12, 2017 order is VACATED, and the Court will issue a new a new briefing

2

schedule for dispositive motions after ruling on objections to the magistrate judge's findings and recommendations, if any.

The referral to the Pro Se Prisoner Settlement Program is STAYED. The Court will reinstate the referral after ruling on objections to the magistrate judge's findings and recommendations, if any. The Clerk shall send a copy of this order to Magistrate Judge Illman, who is overseeing settlement proceedings.

This order terminates dkt. nos. 19 and 24.

**IT IS SO ORDERED.**

Dated: 2/14/2018

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge