UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED W. PARKER,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY SPADARO,<br><br>Defendant. | Case No. 17-cv-01210-HSG (PR)<br><br>**ORDER REINSTATING REFERRAL TO PRO SE PRISONER SETTLEMENT PROGRAM**<br><br>Re: Dkt. No. 28 |

On March 8, 2017, plaintiff, an inmate at the Martinez Detention Facility ("MDF") in Contra Costa County, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Contra Costa County Sheriff David O. Livingston and Deputy Sheriff Spadaro. This action originally was assigned to Magistrate Judge Donna M. Ryu, and plaintiff consented to proceed before a magistrate judge. On October 12, 2017, Magistrate Judge Ryu issued an order determining that the complaint stated a cognizable excessive force claim as against defendant Spadaro. Magistrate Judge Ryu also found that plaintiff failed to state a claim against defendant Livingston and dismissed him from the action. Finally, Magistrate Judge Ryu referred the case to the Pro Se Prisoner Settlement Program for early settlement proceedings. *See* dkt. no. 10. Defendant Spadaro was served and consented to magistrate judge jurisdiction on December 13, 2017. *See* dkt. no. 18.

This action was then reassigned to the undersigned because a new Ninth Circuit case held that all named parties, including unserved defendants, must consent before a magistrate judge has jurisdiction under 28 U.S.C. § 636(c)(1) to hear and decide a case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial review because unserved defendants had not consented to proceed before magistrate judge). Under the

*Williams* rule, magistrate judges are unable to take dispositive action on a consent basis if they do not have the consent of unserved defendants.

By order entered February 14, 2018, the Court regarded Magistrate Judge Ryu's orders as reports and recommendations to the undersigned and gave the parties fourteen days to file any objections. *See* dkt. no. 27. The parties have not filed any objections. The Court therefore officially adopts the reports and recommendations of the magistrate judge.

Plaintiff has filed a request to allow settlement proceedings. *See* dkt. no. 28. Accordingly, the Court REINSTATES the referral to the Pro Se Prisoner Settlement Program for early settlement proceedings. The case is STAYED pending the settlement proceedings. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. The Court will reopen the case and issue a new briefing schedule for dispositive motions if the case does not settle.

The Clerk shall send a copy of this order to Magistrate Judge Illman, who is overseeing settlement proceedings.

This order terminates dkt. no. 28.

**IT IS SO ORDERED.**

Dated: 3/5/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge